## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

IN RE:                              *
                                    *
                                    *
ANNIE THOMPSON,                     *        CV 113-181
                                    *
            Debtor.                 *
                                    *        Bankruptcy Case
_____      *
                                    *
ANNIE THOMPSON, and Huon Le,        *        No. 10-10982
Chapter 13 Trustee,                 *
                                    *
            Appellants,             *        Adversary Case
                                    *        No. 12-01027
      v.                            *
                                    *
DEUTSCHE BANK NATIONAL TRUST        *
CO., as Trustee for Soundview       *
Home Loan Trust, Asset-Backed       *
Certificates, Series 2006-2,        *
                                    *
            Appellee.               *

## O R D E R

Annie Thompson ("Appellant") appeals from the Bankruptcy Court's July 9, 2013 Order reforming the legal description in the October 26, 2005 Security Deed and setting aside the March 12, 2010 Quitclaim Deed and the April 5, 2011 Deed Under Power. Because there is sufficient evidence supporting the Bankruptcy Court's finding that the incorrect legal description was the result of a mutual mistake and the weight of authority supports the Bankruptcy Court's determination that Appellant cannot assert the Trustee's avoidance powers under 11 U.S.C. § 544, this Court **AFFIRMS** the Bankruptcy Court's Order.

## I. JURISDICTION AND STANDARD OF REVIEW

This Court has appellate jurisdiction pursuant to 28 U.S.C. § 158(a)(1) and Bankruptcy Rules 8001 *et seq.* On appeal, the Court reviews the bankruptcy court's factual findings for clear error, and its legal conclusions *de novo.* In re Globe Mfg. Corp., 567 F.3d 1291, 1296 (11th Cir. 2009).

## II. DISCUSSION

This appeal presents two issues: (1) whether the Bankruptcy Court erred in finding that Appellee is entitled to reformation of the Security Deed and cancellation of the Quitclaim Deed and Deed Under Power due to mutual mistake; and (2) whether the Bankruptcy Court erred in determining the Appellant could not invoke the Trustee's avoidance powers under 11 U.S.C. § 544(a)(3).

### A. Mutual Mistake

Appellant challenges the Bankruptcy Court's conclusion that Appellee is entitled to reformation of the Security Deed due to the parties' mutual mistake. The Court reviews this determination for clear error. See Dodge v. United States, 413 F.2d 1239, 1242 (5th Cir. 1969) (stating that the existence of a mutual mistake is a question of fact).[1]

Under Georgia law, "[i]f the form of conveyance is, by accident or mistake, contrary to the intention of the parties in their contract, equity shall interfere to make it conform thereto." O.C.G.A. § 23-2-25. "A 'mutual mistake' in an action for

---

[1] See Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir. 1981) (holding Fifth Circuit decisions made on or before September 30, 1981, are binding precedent in the Eleventh Circuit).

reformation means one in which both parties had agreed on the terms of the contract, but by mistake of the scrivener the true terms of the agreement were not set forth." First Nat'l Bank of Polk Cnty. v. Carr, 260 Ga. App. 439, 440 (2003). Here, the Bankruptcy Court correctly determined that the Security Deed's incorrect legal description was the result of a mutual mistake because the undisputed facts show that Appellant and Appellee intended for the Security Deed's legal description to include Tract 2 only. The mutual mistake occurred on October 26, 2005, when due to a scrivener's error, Tracts 1 and 3 were included in the legal description in the executed and recorded Security Deed. Appellee's own post-closing letter acknowledges the Security Deed's incorrect legal description. Accordingly, the Bankruptcy Court did not err in its determination that the incorrect legal description was the result of a mutual mistake.

On appeal, Appellant does not contest that the inclusion of Tracts 1 and 3 in the Security Deed's legal description was the result of a mutual mistake. Appellant, instead, focuses on Appellee's insufficient attempt to cure the mutual mistake via the Quitclaim Deed. She claims that "[a]ny mistake made after Appellant's notification [via the post-closing letter] is a unilateral mistake by Appellee." (Doc. no. 6 at 10.) Appellant, however, has not shown that the Bankruptcy Court committed clear error in determining that Tracts 1 and 3 were included in the legal description of the Security Deed by mutual mistake.

Moreover, the Court finds that the Bankruptcy Court did not err in concluding that Appellant is not prejudiced by reformation

of the Security Deed's legal description. The undisputed facts show that Appellant contracted and intended to pledge Tract 2 as collateral for the loan, had use of the loan proceeds to satisfy an earlier debt on Tract 2, and was not required to pay more than what she initially contracted for. On appeal, Appellant vaguely argues that she would be prejudiced by reformation because she "would lose the benefit of her bargain" in the confirmed order. This is insufficient to preclude reformation. Indeed, the Court agrees with the Bankruptcy Court that absent reformation Appellee would be prejudiced by the loss of its security interest and Appellant would receive a windfall. Consequently, the Bankruptcy Court did not commit clear error in reforming the Security Deed due to the parties' mutual mistake.

### B. Trustee Powers

Appellant also contends that the Bankruptcy Court erred in its determination that she could not assert the Trustee's statutory powers under 11 U.S.C. § 544(a)(3). The Court reviews the Bankruptcy Court's legal conclusion *de novo*.

Section 544(a)(3) states that "[t]he *trustee* shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by . . . a bona fide purchaser of real property . . . whether or not such a purchaser exists." 11 U.S.C. § 544(a)(3) (emphasis added). In Chapter 13 proceedings, debtors have certain powers otherwise reserved to the trustee. "[T]he debtor shall have, exclusive of the trustee, the

4

rights and powers of a trustee under sections 363(b), 363(d), 363(e), 363(f), and 363(1), of this title." 11 U.S.C. § 1303. However, there is no statutory authorization for a Chapter 13 debtor to exercise the trustee's § 544 avoidance powers. See In re Richardson, 311 B.R. 302, 304 (Bankr. S.D. Fla. 2004) (noting that a majority of courts do not allow a Chapter 13 debtor to exercise a trustee's avoidance powers); In re Holcombe, 284 B.R. 141, 144 (Bankr. N.D. Ala. 2001) (same).

On appeal, Appellant argues that the Bankruptcy Court "completely disregarded the Trustee's equity as a bona fide purchaser." (Doc. No. 6 at 14.) Acknowledging that the trustee in this case chose not to assert his avoidance powers under section 544 and that many courts do not permit Chapter 13 debtors to assert a trustee's long arm powers, Appellant cites to In re Reddit, 146 B.R. 693, 696 (Bankr. S.D. Miss. 1992). Importantly, Reddit ultimately determined, like the Bankruptcy Court, that "the chapter 13 debtor does not have the power to seek avoidance under Section 544 . . . of the Bankruptcy Code." Id. at 701. Appellant has not demonstrated error in following the majority of cases interpreting the clear statutory language of Sections 1303 and 544. Thus, the Court concludes that the Bankruptcy Court did not err in its determination that Appellant could not assert the Trustee's avoidance powers under section 544.

## III. CONCLUSION

As discussed above, the Court **AFFIRMS** the Bankruptcy Court's Order granting summary judgment in favor of Appellee. The Clerk shall terminate all deadlines and motions, and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this ___/1th___ day of August, 2014.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA